IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

SPRINGFIELD HEALTHCARE CENTER, )
INC.,                          )
                               )
        Plaintiffs,            )
                               ) Case No. 05-4296-CV-C-NKL
    v.                         )
                               )
JEREMIAH W. NIXON, et al.,     )
                               )
        Defendants.            )

ORDER

Pending before the Court is Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction [Doc. # 3]. For the reasons set forth below, the Court will issue a Temporary Restraining Order.

Plaintiff has demonstrated that enforcement of recent amendments to Mo. Rev. Stat. §§ 188.080 and 188.250 made by Senate Bill No. 1, 93rd Gen. Assem., 1st Extr. Sess., as enacted on September 15, 2005, threatens immediate and irreparable harm to both the Springfield Healthcare Center and its patients. Specifically, the requirement that an abortion provider have clinical privileges at a hospital within thirty miles of where the abortion is performed would cause the immediate cessation of all abortion services in Southwest Missouri. Further, the provision creating civil liability for anyone who "cause[s], aid[s], or assist[s] a minor to obtain an abortion without [parental] consent"

1

threatens an immediate chilling effect on all abortion counseling within Missouri and nearby states until the scope of the provision can be determined.

Plaintiff has also demonstrated a substantial likelihood of success on the merits of its argument that the cessation of all abortion services in Southwest Missouri imposes an undue burden on a woman's reproductive rights without providing added health or safety benefits and perhaps causing additional risks. Plaintiff has also demonstrated a substantial likelihood of success on the vagueness challenge to the "aid and assist" language of the statute: as evidenced during the Court's telephone conference on the issuance of the TRO, even counsel for the Defendants could not agree with each other over the scope of the law. Although the vagueness question may require abstention until Missouri courts can determine whether the aid and assist language may be construed so as to avoid any constitutional issue, the Court concludes that it is likely that the Plaintiff will ultimately be successful in striking down both §§ 188.080 and 188.250. Therefore maintenance of the status quo at this time is appropriate. The public interest is also served by allowing the parties and the Court more time to consider the complicated constitutional implications of these provisions. Balancing the irreparable harm to the Plaintiff against the burden on Missouri by temporarily enjoining enforcement, and considering the likelihood that Plaintiff will be successful on all or some of its claims, the Court will preserve the status quo until it can conduct a full preliminary injunction hearing and resolve the abstention issue.

Accordingly, it is hereby

ORDERED that Plaintiff's Motion for Temporary Restraining Order is GRANTED; and it is

ORDERED that Plaintiffs shall post a $100 security pending the outcome of the hearing to decide the Motion for Preliminary Injunction, and it is

ORDERED that Defendants are enjoined from enforcing recent amendments to Mo. Rev. Stat. §§ 188.080 and 188.250 made by Senate Bill No. 1, 93rd Gen. Assem., 1st Extr. Sess., as enacted on September 15, 2005, for twenty days from the date of this ORDER or as otherwise ordered by the Court.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: September 16, 2005
Jefferson City, Missouri