IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| SPRINGFIELD HEALTHCARE CENTER, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JEREMIAH W. NIXON, Attorney General ) <br> of Missouri in his official capacity, et al., ) <br> ) <br> Defendants. ) | Case No. 05-4296-CV-C-NKL |

**DEFENDANT NIXON'S ANSWER**

1. Defendant admits that this action is a challenge under 42 U.S.C. § 1983 to the validity of recently enacted provisions of Missouri law, §§ 188.080 and 188.250, RSMo. Defendant denies that these provisions should be denominated as "the Act," so as not to confuse these provisions with the Regulation of Abortion Act which encompasses additional provisions.

2. Paragraph 2 of the Complaint consists of the characterization of the newly enacted statutory provisions. Defendant neither admits nor denies that characterization but refers the Court to the provisions themselves. Defendant Nixon specifically objects to the characterization of this bill as the "Teen Assistance Ban."

3. Defendant has insufficient information to admit or deny the number of abortions that are performed at the Springfield Healthcare Facility. Defendant specifically denies all other allegations contained in paragraph 3.

4. Defendant denies the allegations of paragraph 4 of the Complaint.

5. Defendant denies the allegations of paragraph 5 of the Complaint.

6. Defendant denies jurisdiction and specifically denies that this case is ripe for decision and denies that Defendants have standing.

7. Defendant admits that Plaintiff seeks declaratory and injunctive relief, but denies that such relief is proper.

8. Defendant admits that if jurisdiction was proper then venue would be appropriate.

9. In answer to paragraph 9 of the Complaint, Defendant admits that Springfield Healthcare is a licensed ambulatory surgical facility that provides contraceptive services in addition to abortions. Defendant further admits that §188.028 requires parental consent or judicial authorization prior to the performance of an abortion on a minor. Defendant has insufficient information to admit or deny the number of abortions performed at the clinic or when the abortions are performed and therefore denies those allegations.

10. Paragraph 10 of the Complaint consists of the characterization of a statutory provision, §197.215(2), RSMo. Defendant neither admits nor denies that characterization but refers the Court to the provision itself. Defendant has insufficient information to admit or deny the remainder of the allegations contained in paragraph 10 of the Complaint and therefore denies them.

11. Defendant specifically denies that Springfield Healthcare has the standing to sue on behalf of its minor patients seeking abortion services or information. Defendant

has insufficient information to admit or deny the remainder of the allegations contained in paragraph 11 of the Complaint and therefore denies them.

12. Defendant has insufficient information to admit or deny any of the allegations regarding Dr. Allen Palmer contained in paragraph 12 of the Complaint and therefore denies them.

13. Defendant admits that Jeremiah W. Nixon is the Attorney General of the State of Missouri. The remainder of the allegations contained in paragraph 13 of the Complaint consists of the characterization of two statutory provisions. Defendant neither admits nor denies those characterizations but refers the Court to the provisions themselves.

14. Defendant admits that Darrell L. Moore is the prosecuting attorney for Greene County, Missouri, in which Springfield Healthcare is located. The remainder of the allegations contained in paragraph 14 of the Complaint consist of the characterization of a statutory provision. Defendant neither admits nor denies the characterization but refers the Court to the provision itself.

15. Paragraph 15 of the Complaint consists of the characterization of a statutory provision. Defendant neither admits nor denies the characterization but refers the Court to the provision itself. Defendant has insufficient information to admit or deny whether Dr. Palmer has surgical privileges at any hospital within the State of Missouri and therefore denies such allegation.

16. Paragraph 16 is a characterization of a statutory provision. Defendant neither admits nor denies the characterization but refers the Court to the provision itself.

17. Defendant admits that Springfield Healthcare is a licensed ambulatory surgical facility. The remainder of the allegations contained in paragraph 17 of the Complaint consists of the characterization of a statutory provision. Defendant neither admits nor denies the characterization but refers the Court to the provision itself.

18. Defendant denies the allegations contained in paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in paragraph 19 of the Complaint.

20. In answer to paragraph 20 of the Complaint, Defendant has insufficient information to admit or deny whether Springfield Healthcare is the only facility in Southwest Missouri providing abortion services and therefore denies that allegation. Defendant has insufficient information to admit or deny the number of abortions performed per year at Springfield Healthcare and therefore denies that allegation. Defendant has insufficient information to admit or deny whether women in Springfield can obtain abortions at any other facility in the Springfield area and therefore denies that allegation. Defendant admits that there are abortion providers in other locations in the State of Missouri including Columbia and St. Louis. Defendant admits that the distance from Columbia, Missouri to Springfield, Missouri is approximately 165 miles. Defendant admits that there is an abortion facility in the Kansas City area. Defendant has

4

insufficient information to admit or deny the remainder of the allegations contained in paragraph 20 of the Complaint and therefore denies them.

21. Defendant has insufficient information to admit or deny the first sentence of paragraph 21 of the Complaint and therefore denies it. Defendant denies the remainder of the allegations contained in paragraph 21 of the Complaint.

22. In answer to paragraph 22 of the Complaint, Defendant denies that the 30 Mile Rule is unnecessary. To the extent that the allegations in paragraph 22 of the Complaint consist of a characterization of a statutory provision, the Defendant neither admits nor denies that characterization but refers the Court to the provision itself.

23. Paragraph 23 is a characterization of two federal statutory provisions. Defendant neither admits nor denies those characterizations but refers the Court to the provisions themselves.

24. Defendant denies the allegations contained in paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in paragraph 25 of the Complaint.

26. Defendant has insufficient information to admit or deny the allegations contained in paragraph 26 of the Complaint and therefore denies them.

27. Defendant denies the allegations contained in paragraph 27 of the Complaint.

28. Defendant has insufficient information to admit or deny the allegations contained in paragraph 28 of the Complaint and therefore denies them.

29. Defendant has insufficient information to admit or deny the allegations contained in paragraph 29 of the Complaint and therefore denies them.

30. Defendant has insufficient information to admit or deny the allegations contained in paragraph 30 of the Complaint and therefore denies them.

31. Defendant has insufficient information to admit or deny the allegations contained in paragraph 31 of the Complaint and therefore denies them.

32. Paragraph 32 of the Complaint consists of the characterization of the new statutory provision § 188.028. Defendant neither admits nor denies that characterization but refers the Court to the provision itself.

33. In answer to paragraph 33 of the Complaint, Defendant admits that the terms "cause," "aid," and "assist" are not defined within the statutory provision, but states that these terms are capable of common understanding and dictionary definition.

34. Defendant denies the allegations contained in paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in paragraph 35 of the Complaint.

36. Paragraph 36 contains a characterization of the new statutory provision. Defendant neither admits nor denies the characterization but refers the Court to the

provision itself. The remainder of the allegations in paragraph 36 of the Complaint are legal conclusions based on speculation and Defendant denies them.

37. The first sentence in paragraph 37 consists of the characterization of a statutory provision. Defendant neither admits nor denies that characterization but refers the Court to the provision itself. The second sentence of paragraph 37 is a legal conclusion and Defendant denies the legal conclusion.

38. Defendant has insufficient information to admit or deny the allegations contained in paragraph 38 of the Complaint and therefore denies them.

39. Defendant has insufficient information to admit or deny the allegations contained in paragraph 39 of the Complaint and therefore denies them.

40. Defendant has insufficient information to admit or deny the allegations contained in paragraph 40 of the Complaint and therefore denies them.

41. Defendant admits the first sentence of paragraph 41 of the Complaint. Defendant denies the allegations contained in the second sentence of paragraph 41 of the Complaint.

42. Defendant has insufficient information to admit or deny the allegations contained in paragraph 42 of the Complaint and therefore denies them.

43. Defendant denies the allegations contained in paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in paragraph 45 of the Complaint.

46. Defendant denies the allegations contained in paragraph 46 of the Complaint.

47. Defendant incorporates by reference his answers to paragraph 1 through 46 above.

48. Defendant denies the allegations contained in paragraph 48 of the Complaint.

49. Defendant denies the allegations contained in paragraph 49 of the Complaint.

50. Defendant denies the allegations contained in paragraph 50 of the Complaint.

51. Defendant denies the allegations contained in paragraph 51 of the Complaint.

52. Defendant denies the allegations contained in paragraph 52 of the Complaint.

53. Defendant denies the allegations contained in paragraph 53 of the Complaint.

54. Defendant denies the allegations contained in paragraph 54 of the Complaint.

55. Defendant denies the allegations contained in paragraph 55 of the Complaint.

56. Defendant denies the allegations contained in paragraph 56 of the Complaint.

57. Defendant denies all allegations that he has not specifically admitted in this Answer and denies that Plaintiff is entitled to any of the relief that it has requested.

**Affirmative Matters**

Without prejudice to his previous denials, Defendant Nixon submits the following affirmative defenses reserving the right to supplement the same.

First, Plaintiff has failed to state a claim upon which relief can be granted. Fed. Civ. P. 12(b)6.

Second, Defendant is protected from liability in suit by the doctrine of qualified immunity.

Third, Plaintiff's cause of action under 42 U.S.C. §1983 is prohibited by the Eleventh Amendment to the United States Constitution.

Fourth, Plaintiff has no standing to bring any cause of action on behalf of its potential minor clients.

Fifth, claims regarding the interpretation of a Missouri statute are subject to the doctrine of abstention and should be dismissed.

Sixth, this claim is not justiciable because the allegations contained therein are not ripe for consideration by this Court.

Seventh, Plaintiff has no standing because Plaintiff, nor its employees nor its clients have suffered any injury in fact.

In further defense, Defendant incorporates by reference each and every additional affirmative defense that may be uncovered or made known during the investigation discovery of this case.

Defendant specifically reserves the right to amend his Answer to include affirmative defenses at the time they are discovered.

WHEREFORE, Defendant prays for judgment in his favor. Defendant prays for dismissal of the Plaintiff's Complaint. Defendant prays that the Court deny all relief requested by the Plaintiff. The Defendant prays for his cost and attorneys fees and such other relief that is just and proper.

Respectfully submitted,
JEREMIAH W. (JAY) NIXON
Attorney General

   /s/ Victorine R. Mahon

VICTORINE R. MAHON
Assistant Attorney General
Missouri Bar No. 32202
Post Office Box 899
Jefferson City, MO 65102
Telephone (573) 751-0330
Facsimile (573) 751-9456

ATTORNEYS FOR
DEFENDANT NIXON

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing was made available by the Court's ecf system this 11th day of October, 2005, to:

| | |
|---|---|
| Betsy Badger | Darrell L. Moore, |
| Theresa Levings | Greene County Prosecuting Attorney |
| Badger and Levings | T. Todd Myers, |
| 920 Main Street, Suite 1920 | Assistant Prosecuting Attorney |
| Kansas City, MO 64105 | 1010 Boonville Avenue |
| | Springfield, MO 65802 |
| Janet Crepps | |
| The Center for Reproductive Rights | |
| 2108 Bethel Road | |
| Simpsonville, SC 29681 | |

                                                           /s/ Victorine R. Mahon
                                                           Assistant Attorney General